**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MARIA HARRIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. CIV 08-008-TUC-CKJ |
| vs. | ) | |
| | ) | **ORDER** |
| COCHISE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Plaintiffs' Motion for Reconsideration [Doc. # 163], Defendant's Motion for Reconsideration [Doc. # 162], and the parties' Stipulation to Extend Time [Doc. # 164].

*Procedural Background*

On or about September 21, 2006, Plaintiff Maria Harris (Harris) filed a complaint in the Superior Court in and for the County of Cochise. On January 2, 2008, the matter was removed to this Court. Harris's Amended Complaint includes claims of defamation, invasion of privacy, false light invasion of privacy, intentional infliction of emotional distress (two claims), wrongful termination in violation of public, negligent training and supervision, negligence (three claims), violation of the Americans With Disabilities Act, and violation of the Family and Medical Leave Act.

On December 15, 2008, Cochise County filed a Motion for Summary Judgment and Harris filed a Motion for Partial Summary Judgment. On September 30, 2009, this Court issued an Order granting in part and denying in part Harris's Motion for Partial Summary Judgment [Doc. # 132] and granting in part and denying in part Defendant's Motion for Summary Judgment. Specifically, the Court granted summary judgment in favor of Defendant and against Harris on Count II (false light invasion of privacy), Count III (false light), Counts IV and V (intentional infliction of emotional distress), Count VI (wrongful termination), Count VII (negligent training and supervision), Counts VIII, IX, and X (negligence). The Court determined that Harris's claims of defamation/slander and an ADA violation remained pending.

*Motion for Reconsideration*

The Court has discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986). However, motions for reconsideration are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

*Court's Ruling Regarding Common Law Public Policy Wrongful Termination Claim*

Harris requests the Court to reconsider its decision that Arizona no longer recognizes a common law public policy wrongful termination claim. While the Court recognizes that Arizona may continue to recognize a common law public policy, *see Lloyd v. AMF Bowling Centers, Inc.*, 195 Ariz. 144, 985 P.2d 629 (App. 1999) ("[O]ur supreme court identified a narrow public policy exception to the termination of at will employment. That exception requires that the employee be fired for either refusing to commit a wrongful act or for refusing to condone a wrongful act by the employer."), that exception requires Harris to have been fired, as applied in this case, for refusing to accept the privacy violation. As the Court determined that there was no genuine issue of material fact as to whether Harris's working conditions were intolerable such that she was constructively discharged, reconsideration of this issue would not affect the Court's ultimate ruling.

*Court's Ruling Regarding Harris's Working Conditions*

In their motion, Plaintiffs request the Court to reconsider its decision that insufficient evidence of a genuine issue of material fact has been presented as to whether Harris's working conditions were intolerable such that she was constructively discharged. Harris asserts that the Court's reliance on Harris' assertion in her Statement of Facts that, because Cochise County refused to issue a retraction of Oertel's September 30, 2005, letter, she declined the Defendant's offer of reemployment, is contrary to the facts in the record. The Court stated:

> As previously stated, the facts presented by Harris involve a single isolated incident. The Court considers Harris's assertion that she declined Cochise County's offer of reemployment because Cochise County refused to issue a retraction of Oertel's September 30, 2005, letter. The reasonable inference from this assertion is that, had Cochise County issued the retraction, she would have returned to the employment even though her medical information had been included in Oertel's letter. "The only logical conclusion that the Court can draw from [plaintiff's] wish to return to [employer] is that the working conditions there were in fact not intolerable." *Mosakowskiv. PSS World Medical, Inc.*, 329 F.Supp.2d 1112, 1127 (D.Ariz. 2003), *quoting French v. Eagle Nursing Home, Inc.*, 973 F.Supp. 870, 877-78 (D.Minn. 1997). The Court finds that the facts presented by Harris do not present intolerable

and discriminatory working conditions. Because Harris has not produced evidence that she quit her employment because her workplace was intolerable, the County is entitled to judgment as a matter of law on the claim that Harris was constructively discharged from her employment.

September 30, 2009, Order, pp. 16. Plaintiffs argue, however, that Harris insisted that any offer of reemployment be for a position outside of the Health Department and without a requirement that she report to either Brian Oertel or Diane Carper. In support of this assertion, Plaintiffs reference the County's letter of reemployment that specifically offered a position outside of the Health Department. The Court notes that Plaintiffs did not argue this inference in the briefings submitted prior to the Court's ruling nor do they acknowledge that it was their own recitation of the facts in the Statement of Facts that asserted that it was because Cochise County refused to issue a retraction of Oertel's September 30, 2005, letter, that Harris declined the Defendant's offer of reemployment. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774-75 (9th Cir.2002), *citing Huey v. UPS, Inc.*, 165 F.3d 1084, 1085 (7th Cir.1999) ("[J]udges need not paw over the files without assistance from the parties.").

Nonetheless, this fact was merely one of numerous facts the Court considered in the decision. As the above-quoted portion of the Order shows, the Court also considered that Harris's claim involved a single incident. Further, the Court had found that "[t]he facts presented by Harris simply [did] not present a situation of conduct that is similar to sexual assault, threats of violence, or a continuous pattern of discriminatory harassment by an employer. The disclosure of Harris's medical information does not compare to the differential treatment, trumped-up inadequacies in job performance, abusive treatment, removal of duties, and threatened demotion as presented in [*Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987)]." September 30, 2009, Order, pp. 13-14. Contrary to Harris's assertion, the Court considered whether a "claim of constructive discharge requires proof that the plaintiff's 'working conditions were so intolerable that a reasonable person would have been compelled to resign.'" *MacLean v. State Dept. of Educ.*, 195 Ariz. 235,

- 4 -

245, 986 P.2d 903, 913 (App. 1999), *quoting Rabinovitz v. Pena*, 89 F.3d 482 (7th Cir. 1996).

Harris has not presented any newly discovered evidence or any basis for this Court to determine that reconsideration of the Court's determination that insufficient evidence of a genuine issue of material fact had been presented as to whether Harris's working conditions were intolerable such that she was constructively discharged is needed to correct manifest errors of law or fact. *Zlotnicki*, 779 F.2d at 909. A motion for reconsideration is not an appropriate method for an unsuccessful party to "rehash" arguments previously presented. *Hallas v. Ameriquest Mortgage Co.*, 406 F.Supp.2d 1176 (D.Or. 2005), *quoting 766347 Ontario Ltd. v. Zurich Capital Mkts., Inc.*, 274 F.Supp.2d 926, 929 (N.D.Ill. 2003). Rightly or wrongly, this Court has issued its ruling, *Above the Belt, Inc.*, 99 F.R.D. at 101, and Harris has not presented any basis for this Court to reconsider its decision.

*Court's Ruling Regarding Oertel's State of Mind*

Harris also requests the Court to reconsider whether invasion of privacy and false light claims require any proof of the publisher's state of mind and whether the evidence creating a disputed fact issue on Harris's defamation claim defeats summary judgment on Harris's invasion of privacy and false light claims. Related to this request is Defendant's request for the Court to reconsider its determination that a genuine issue of material fact was presented as to the defamation claim. The Court finds it appropriate to direct the parties to submit responses and replies as to these issues. *See* L.R.Civ. 7.2(g).

Accordingly, IT IS ORDERED:

1.     Plaintiff's Motion for Reconsideration [Doc. # 163] is DENIED IN PART.

2.     The parties shall file any responses to the Motions for Reconsideration as set forth in this Order on or before November 16, 2009.

3.     The parties shall file any replies on or before November 30, 2009.

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      The Joint Proposed Pretrial Order, including Motions *in Limine,* shall be filed ten judicial days after the Court issues a final ruling on the pending Motions for Reconsideration.

DATED this 30th day of October, 2009.

_____

Cindy K. Jorgenson
United States District Judge