**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARIA HARRIS, et al., <br> Plaintiffs, <br> vs. <br> COCHISE COUNTY, <br> Defendant. | No. CIV 08-008-TUC-CKJ <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for Reconsideration [Doc. # 163] and Defendant's Motion for Reconsideration [Doc. # 162].

*Procedural Background*

On or about September 21, 2006, Plaintiff Maria Harris (Harris) filed a complaint in the Superior Court in and for the County of Cochise. On January 2, 2008, the matter was removed to this Court. Harris's Amended Complaint includes claims of defamation, invasion of privacy, false light invasion of privacy, intentional infliction of emotional distress (two claims), wrongful termination in violation of public, negligent training and supervision, negligence (three claims), violation of the Americans With Disabilities Act, and violation of the Family and Medical Leave Act.

On December 15, 2008, Cochise County filed a Motion for Summary Judgment and Harris filed a Motion for Partial Summary Judgment. On September 30, 2009, this Court

issued an Order granting in part and denying in part Harris's Motion for Partial Summary Judgment [Doc. # 132] and granting in part and denying in part Defendant's Motion for Summary Judgment. Specifically, the Court granted summary judgment in favor of Defendant and against Harris on Count II (false light invasion of privacy), Count III (false light), Counts IV and V (intentional infliction of emotional distress), Count VI (wrongful termination), Count VII (negligent training and supervision), Counts VIII, IX, and X (negligence). The Court determined that Harris's claims of defamation/slander and an ADA violation remained pending.

The parties filed motions for reconsideration and the Court directed the parties to file responses and replies as to whether invasion of privacy and false light claims require any proof of the publisher's state of mind and whether the evidence created a genuine issue of material fact as to Harris's defamation claim. The parties have submitted responses and replies.

*September 30, 2009, Order*

In its September 30, 2009, Order, the Court determined that the evidence did not establish a genuine issue of a material fact that Brian Oertel ("Oertel") had knowledge of the falsity of his statement or that he acted in reckless disregard of its truth or falsity and that Harris was a public official. Therefore, the Court found summary judgment in favor of Cochise County on the invasion of privacy and false light invasion of privacy claims.

However, the Court also determined that there was no evidence that Oertel knew an expert would testify that the medical condition was stress-related and, therefore, that there was a genuine issue of material fact in dispute as to whether the statement was false. The Court determined that summary judgment was not appropriate on the defamation claim.

*Motion for Reconsideration*

As the Court stated in its October 30, 2009, Order, the Court has discretion to

reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986). However, motions for reconsideration are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

*Defamation, Invasion of Privacy, and False Light Invasion of Privacy*

Cochise County argues that because the Court determined that Harris was a public official and that the evidence did not establish a genuine issue of material fact as to actual malice (i.e., that Oertel had knowledge of the falsity of his statement or that he acted in reckless disregard of its truth or falsity), the Court's determination that the invasion of privacy and false light invasion of privacy claims were unsustainable was in accordance with the law in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and *Rosenblatt v. Baer,* 383 U.S. 74 (1966). Because the Court determined there was no factual dispute as to malice, Cochise County asserts that summary judgment of the defamation claim is also appropriate.

Harris asserts, however, that the Court's determination that there was sufficient evidence to create a disputed factual issue as to whether Oertel published the September 29, 2005, letter with actual malice warrants a denial of summary judgment as to the invasion of

privacy and the false light invasion of privacy claims, in addition to the defamation claim.

In its September 30, 2009, Order, after discussing whether Harris was a public official, the Court stated that "the evidence does not establish a genuine issue of a material factual dispute that Oertel had knowledge of the falsity of his statement or that he acted in reckless disregard of its truth or falsity[.]" Order, pp. 31-32. However, in reaching this conclusion, the Court had not yet discussed the evidence presented by the parties as to this issue. The Court subsequently stated that there was "a genuine issue of material fact in dispute as to whether the statement was false." *Id.* at p. 34. Additionally, the Court also subsequently stated:

> Cochise County also points out that Harris had a medical condition that has a relationship to stress as opined by its expert; therefore, the "false statement" element necessary for defamation and false light invasion of privacy is absent. *Godbehere*, 162 Ariz. at 341-43, 783 P.2d at 787-89. Harris asserts, however, that Dr. Maddur and Dr. Harris both testified at deposition that Harris's h.pylori bacterial infection was not caused by stress and that this raises a genuine issues of material fact. Nonetheless, Cochise County argues that there is no material evidence of knowledge of falsity or reckless disregard for the truth. There is no evidence before the Court that Oertel knew an expert would testify that the medical condition was stress-related. The Court finds that this issue presents a genuine issue of material fact in dispute.

Order, p. 34. The Court's conclusions are inconsistent and, because one purpose of a motion for reconsideration is to correct a manifest error of fact, *Harsco Corp.*, reconsideration is appropriate.

As the Court stated in it September 30, 2009, Order, there was no evidence before the Court that Oertel knew an expert would testify that the medical condition was stress-related. The crux of the Court's determination was that *Oertel did not know* whether the medical condition was stress related. This evidence alone presents a reasonable inference that Oertel had knowledge of the falsity of his statement or that *he acted in reckless disregard of its truth or falsity*.[1] Indeed, Cochise County points out that recklessness "amounting to actual malice may be found where a publisher . . . deliberately ignores evidence that calls into question his

---
[1]The Court notes that Harris sets forth additional evidence to support a determination that a genuine issue of a material fact is in dispute.

- 4 -

published statements." *Levesque v. Doocy*, 560 F.3d 82, 87 (1st Cir. 2009). Cochise County further points out that Harris discussed experiencing stress, stomach problems, and headaches in emails to Oertel. Yet, Oertel only mentioned a "stress-related" condition in his letter. Further, in discussing Harris' September 1, 2005, email, Cochise County asserts that Harris related her work stress with her medical condition – the Court agrees that such an inference is reasonable from the language of the email. However, the conflicting reasonable inferences exhibit that there is a genuine issue of a material factual dispute.

Moreover, Cochise County's statement appears to acknowledge a distinction between the two conditions. Harris's September 1, 2005, email to Oertel in which she indicated she had a terrible night and morning with vomiting, stomach pain and fever and indicated that the doctor "told me it is in my best interest (health) to stay away from work until I have the medical procedure (October the 4th)[,]" DSOF, Facts, Ex. F., also raises a reasonable inference that the medical procedure is related to the stomach problems. A genuine issue of material fact has been presented as to whether Oertel deliberately ignored this information in attributing Harris's medical condition solely to stress-related concerns. The Court finds summary judgment on the issue of actual malice is not appropriate.[2]

Accordingly, IT IS ORDERED:

1. Plaintiffs' Motion for Reconsideration [Doc. # 163] is GRANTED IN PART.
2. Defendant's Motion for Reconsideration [Doc. # 162] is DENIED.
3. The Court's September 30, 2009, Order awarding summary judgment in favor

---

[2]Harris argues extensively that actual malice is not required for a "private facts" invasion of privacy claim. However, this issue was not raised in Harris's Motion for Partial Summary Judgment. *See* Motion, p. 4 (Harris is not a public official and qualified immunity is not supported by fact or law). Similarly, this argument was not presented in her Opposition to Defendant's Motion for Summary Judgment. *See* Opposition, p. 18 (incorporating arguments and evidence presented in Motion for Partial Summary Judgment). This issue is not before the Court, therefore, to reconsider.

- 5 -

of Cochise County and against Harris on Count II (false light invasion of privacy) and Count III (false light) is VACATED.

4. The Joint Proposed Pretrial Order and any Motions *in Limine* shall be filed on or before April 9, 2010.

DATED this 12th day of March, 2010.

_____
Cindy K. Jorgenson
United States District Judge